Hillsborough, ⎱
May 6, 1924. ⎰

### ALMA SILVER v. CHARLES A. JONES.

In case by a highway traveler for injuries received in consequence of frightening a horse by an automobile, a finding that the defendant turned to the left of the center of the road as he was about to pass the plaintiff was sufficient under P. S., c. 76, s. 17, to sustain the finding that the defendant was negligent. And so of a finding that the defendant though signalled to stop failed to do so.

It cannot be said as a matter of law that one who suddenly finds himself in a dangerous situation is in fault simply because he makes a mistake as to what he should do to avoid being injured.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred by *Branch*, J., on the defendant's exception to the denial of his motion for a directed verdict. The facts are stated in the opinion.

*Doyle & Doyle* and *Irving T. Forbes*, for the plaintiff.

*Lucier & Lucier* and *Ralph G. Smith* (*Mr. Alvin J. Lucier* orally), for the defendant.

YOUNG, J. The defendant contends there is no substantial evidence to sustain the jury's findings (1) that he was negligent and (2) that the plaintiff was free from fault.

The evidence relevant to these issues tends to prove that the plaintiff was injured while riding with her father from North Weare to Henniker. They were riding in an open wagon drawn by a horse that was not afraid of automobiles. There is a point on this road near the Henniker line where the wrought part is quite narrow, with a brook on the easterly side a few feet from, and two feet below the easterly wheel track; and there was on the day of the accident a mud puddle some thirty feet long and three feet wide on the opposite, or westerly, side of the road. When they were some distance south of this puddle the plaintiff's father saw an automobile approaching from the north and turned to the right and drove along until his wagon was close to the brook and stopped. As the defendant made no attempt to turn out, the father held up his hand as a signal for the defendant to stop. At that time the plaintiff's team was some twenty-five feet south and the defendant's automobile about the same distance north of the puddle. The defendant was driving in the middle of the road at from ten to twelve miles an hour, and

instead of stopping or turning to the right as the law required, he turned to the left to avoid the puddle and drove straight ahead. The horse paid no attention to the automobile until it was very close to its head, when it jumped out of the way and dragged the wagon into the brook. That caused the wagon to tip toward the brook and frightened the plaintiff, and she jumped out and landed in the road close to the wagon and was almost instantly struck by the automobile and sustained the injury complained of.

1. The fact the defendant turned to the left of the center of the road as he was about to pass the plaintiff is sufficient to sustain the jury's finding that he was negligent (P. S., c. 76, s. 17), and that is also true of his failure to pay any attention to the signal to stop, for the evidence warrants a finding that the defendant saw this signal and disregarded it.

In short, the jury were warranted not only in finding that the defendant was in fault, but also in finding that if he had stopped when the plaintiff's father signaled him or had turned to the right when and as he should, the accident would not have happened.

2. Although it is also true that the accident would not have happened if the plaintiff had not jumped out of the wagon, it does not follow that she cannot recover in this action.

The test to decide that issue is to inquire whether in a similar situation the ordinary girl of the plaintiff's age and experience and with her knowledge of the situation and its dangers might have jumped when and as she did.

If the evidence would sustain a finding that the plaintiff failed to do what the ordinary girl would have done, the court cannot say that is the fact as a matter of law; for it can be found that the accident happened not more than a second after the horse jumped.

It cannot be said as a matter of law that one who suddenly finds himself in a dangerous situation is in fault simply because he makes a mistake as to what he should do to avoid being injured. *Folsom v. Railroad*, 68 N. H. 454, 459.

*Exception overruled.*

SNOW, J., was absent: the others concurred.